UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KATHRINE D. THOMAS,

Plaintiff,

v.

MONTEREY COUNTY, et al.,

Defendants.

Case No.  5:25-cv-10715-PCP

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Re: Dkt. No. 14

The Court has reviewed Magistrate Judge Cousins's Report and Recommendation. Because pro se plaintiff Katherine Thomas fails to plead facts showing that her claims were timely, the Court adopts the magistrate judge's recommendation. Accordingly, her complaint is dismissed without prejudice but without further leave to amend.

**BACKGROUND**

Ms. Thomas bring this lawsuit against Monterey County, the Monterey County Department of Children and Family Services, Patricia Mannion, Linda Castillo, and Does 1–50. In 2012, Ms. Thomas's grandson was voluntarily surrendered to Ms. Thomas by his parents. She alleges that defendants and county employees, Ms. Mannion and Ms. Castillo, refused to place the child with her. Instead, they allegedly submitted false evidence demonstrating that she was unfit to care for her grandson. The juvenile court "relied on [those] lies," denied Ms. Thomas custody, and placed the child in foster care. Ms. Thomas now brings a 42 U.S.C. § 1983 claim for a violation of her rights under the Fourteenth Amendment, as well as a claim of fraud upon the court.

Ms. Thomas applied to proceed *in forma pauperis* ("IFP") in this matter and her application was granted. When a plaintiff proceeds in IFP status, the court must screen her complaint to determine whether it states a claim on which relief may be granted. *See* 28 U.S.C. §

1915(e)(2)(B). The magistrate judge therefore screened Ms. Thomas's initial complaint and found that she failed to establish standing, that she failed to satisfy Federal Rule of Civil Procedure 8, and that the statute of limitations had run on her claims. Ms. Thomas was given leave to amend her complaint. Upon screening the first amended complaint, the magistrate judge again found that she failed to establish standing and that the statute of limitations had run on her claims. He granted leave to amend, and Ms. Thomas did so once again. After determining that Ms. Thomas's second and final amended complaint failed to cure the identified deficiencies, the magistrate judge requested that the case be reassigned to a district judge for disposition, with the recommendation that the case be dismissed without prejudice. No objections to the Report and Recommendation were filed within the 14-day window for doing so. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**LEGAL STANDARD**

A magistrate judge's authority is limited by 28 U.S.C. § 636, which permits the judge to hear and determine only nondispositive matters without the parties' consent. If a magistrate judge is presented with a dispositive matter but lacks both parties' consent, the judge must issue a report and recommendation to a district judge, who then conducts a *de novo* review. *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

28 U.S.C. § 1915 permits a court to authorize a plaintiff to proceed *in forma pauperis*— i.e., without paying the otherwise mandatory filing fee—if the plaintiff shows that they cannot afford the fees necessary to pursue an action. *See* 28 U.S.C. § 1915(a)(1). The Court, however, must screen every civil action brought *in forma pauperis* under section 1915 and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Under Section 1915, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle [her] to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). Courts

United States District Court
Northern District of California

"take as true all allegations of material fact stated in the complaint and ... construe [a pro se plaintiff's] pleadings liberally and ... afford the petitioner the benefit of any doubt." *Id.* (cleaned up).

## ANALYSIS

As noted above, the magistrate judge concluded that Ms. Thomas' original and first amended complaint failed to demonstrate that her claims were timely and that the second amended complaint failed to address that deficiency. The Court agrees.

"Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions." *Knox v. Davis*, 260 F.3d 1009, 1012–13 (9th Cir. 2001) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). In California, the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. Federal law governs when a civil rights claim under 42 U.S.C. § 1983 accrues. *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017); *Wilson v. Hays*, 228 F. Supp. 3d 1100, 1111 (S.D. Cal. 2017). A Section 1983 claim accrues when a plaintiff knew or had reason to know of the injury that underlies the cause of action. *Klein*, 865 F.3d at 1278.

Ms. Thomas accuses defendants of manufacturing evidence about her fitness as a guardian. For support, she points to (1) the filing of a "juvenile dependency petition containing deliberate falsehoods, including claims that [Ms. Thomas] was unfit and no relative placement existed," and (2) a "denial letter" sent in January 2012, which contained false claims. She alleges that she discovered the defendants' dishonesty in 2025 upon learning about other cases brought against Ms. Castillo.

Even if those cases established a pattern of dishonesty by Ms. Castillo, the statute of limitations on Ms. Thomas's own claims accrued well before last year.[1] The complaint establishes that Ms. Thomas knew or should have known of her injury as early as 2012, when defendants allegedly falsified reports against her and denied her custody of her grandson. Ms. Thomas was in

---

[1] The Court notes that the cases cited by Ms. Thomas do not provide any proof of Castillo's purported dishonesty and instead involve either a plaintiff's allegations or a settlement in which the defendants expressly denied the truth of the plaintiff's allegations.

United States District Court
Northern District of California

possession of at least one of those false documents and was therefore on notice of a potential claim well before 2025. Her two claims brought under Section 1983 (one against the individual defendants and another against the County defendants under a theory of *Monell* liability) are therefore barred by the statute of limitations.

Ms. Thomas's third and final cause of action is for fraud on the court. "An independent action to set aside a judgment for fraud on the court is 'reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata.'" *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (citing *United States v. Beggerly*, 524 U.S. 38, 46 (1998)). But while fraud on the court is a theory which sometimes allows a plaintiff to seek relief from an existing judgement (generally in the court that issued that judgment), "no court has found that fraud on the court is an independent legal cause of action for which a plaintiff may recover damages." *Coultas v. Payne*, No. 3:11-CV-00045-AC, 2016 WL 740421, at *4 (D. Or. Feb. 24, 2016). Her damages claim on this theory therefore fails as a matter of law. And to the extent she seeks injunctive relief such as record correction or expungement, the *Rooker-Feldman* doctrine prohibits this Court from providing such relief. *Brown v. Duringer L. Grp. PLC*, 86 F.4th 1251, 1253 (9th Cir. 2023) (noting that a federal district court may not exercise subject matter jurisdiction over requests to "overturn an injurious state-court judgment") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005)).

**CONCLUSION**

For the foregoing reasons, the Court adopts the magistrate judge's report and recommendation and dismisses Ms. Thomas's complaint without prejudice but without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk shall close the case.

**IT IS SO ORDERED.**

Dated: March 31, 2026

P. Casey Pitts
United States District Judge

4